## STOKES BROS. MANUF'G CO. v. HELLER et al.

(Circuit Court, D. New Jersey. May 16, 1893.)

PATENTS FOR INVENTIONS—INFRINGEMENT—INSPECTION OF WORKS.

In a suit to restrain alleged infringement of patents for rasps and files, and the process and machinery for making the same, plaintiffs failed, for more than six months after the answer was filed, to take any evidence, and then applied for an order that they be allowed to inspect fully defendants' factory. Defendants denied infringement, and alleged that for

years before the patents were granted they made files under a secret process, not patented, which they still use. They also produced files made by such process before the date of the patent, which were apparently the same as plaintiffs' files. *Held*, that the order for the examination would not be granted.

In Equity. Suit by the Stokes Bros. Manufacturing Company against Heller Bros. and others for the alleged infringement of the following patents: No. 376,400, granted to James and George Stokes January 10, 1888, for a rasp-cutting machine; No. 383,999, granted to Philip S. Stokes June 5, 1888, for rasps; No. 397,254, granted to Philip S. Stokes February 5, 1889, for a rasp-cutting machine; No. 408,936, granted to Philip S. Stokes August 13, 1889, for a method of forming teeth of rasps. Heard on complainant's motion for an order that defendants permit an inspection of their factory. Denied.

W. H. Doolittle, for complainant.
John Dane, Jr., for defendants.

GREEN, District Judge. This bill is filed to restrain the defendants from infringing certain letters patent granted on various dates to the complainants for rasps or files. The patents cover as well the process of manufacture, the machines used, and the manufactured article. The bill contained numerous interrogatories to be answered by the defendants, and also called for an answer from each of the defendants under oath. Such answers have been duly made, and were filed September 16, 1892. Since that time the complainants have taken no step forward in the litigation. Not a particle of evidence to sustain the issues on their part has been taken. They now move the court to order that the defendants do permit a full and thorough inspection of their manufactory, situate in Newark, N. J., and of all their machinery, and of all their processes for the manufacture of the rasps or files made by them, and which files and rasps, and processes and machines, the complainants allege, infringe their letters patent. The defendants, in their answer, deny infringement, and furthermore assert, under oath, that rasps have been manufactured by them, by a peculiar process, not patented, but kept as a secret in their business, since 1836; and they produce files and rasps before the court, which, as shown by affidavits uncontradicted, were made many years before the letters patent in question were issued, and which to the eye, at least, seem to be entirely similar to those now made by the complainants. Under these circumstances, to compel the defendants to open their manufactory to hostile inspection of rivals in business, and to disclose the character of the machines and the process by which for so many years they have made a successful article of merchandise, would be unjust and inequitable. The motion is too obviously the excuse for a "fishing excursion," and does not, under the circumstances of this case, commend itself to the court. It is therefore denied.